*In re* ESTATE OF ANTHONY TERRELL WEBB *et al.* (Rose Carter, a/k/a Rose Carter Webb, Petitioner-Appellant, v. Margaret Webb, Respondent-Appellee).

First District (4th Division)   No. 1—95—2010

━━━━

Opinion filed December 26, 1996.

Equip for Quality, Inc., of Chicago (Michael F. Figueras, of counsel), for appellant.

Loyola University Chicago Community Law Center, of Chicago (Maria T. Cenzon and Theresa C. Ceko, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

Petitioner, Rose Carter, also known as Rose Carter Webb, appeals from a judgment in favor of respondent, Margaret Webb, in petitioner's action to terminate respondent's guardianship of petitioner's minor children Anthony Terrell Webb and Ballard Lamar Webb. Margaret Webb is the grandmother of the minor children.

## I. Facts

On June 9, 1986, respondent, Margaret Webb, filed a petition in the probate division of the circuit court of Cook County seeking to be appointed guardian of the minor children of petitioner, Rose Carter, and Lamar Webb, who was respondent's son: Anthony Terrell Webb, who was born October 23, 1983; Lisa Rose Webb, who was born on November 26, 1984; and Ballard Lamar Webb, who was born on January 7, 1986. The petition alleged that the children and petitioner lived with respondent and that respondent needed guardianship in order to receive additional public assistance and medical care and to enroll the children in school.

Petitioner and the children's father consented to the appointment of respondent as guardian of the person of the minors, which was ordered by the court on June 9, 1986.

On March 3, 1989, petitioner petitioned to discharge respondent as guardian. The petition to discharge was granted on December 4, 1990, only with respect to Lisa. Seven years after the appointment, on June 1, 1993, petitioner filed a second petition to discharge the guardian. The petition was amended on November 3, 1994.

Petitioner submitted a brief to the trial court in which she argued that the court should make a ruling at the outset that the burden of proof was on respondent to rebut a presumption that it was in the children's best interests to be in the custody of their mother. The trial court refused and instead ruled that "the burden of proof and to proceed first regarding the best interests of the children" was on petitioner, the mother.

On May 12, 1995, after a hearing, the trial court denied the petition to discharge respondent as guardian. The trial court found that it was in the best interest and welfare of the children to have the guardianship continue with Margaret Webb.

## II. Discussion

Petitioner argues on appeal that the trial court erred in placing the burden of proof on her and in not placing the burden of proof on respondent to overturn the presumption that the natural parent has superior rights over third parties to her children.

Section 23—2 of the Probate Act of 1975 (the Probate Act or Act)

provides for several causes for which a court may remove a guardian, including good cause. 755 ILCS 5/23—2(a)(10) (West 1994). The Act does not address the burden of proof issue presented in this case.

In *In re Custody of Townsend*, 86 Ill. 2d 502, 427 N.E.2d 1231 (1981), a minor's relative appealed from the appellate court's order awarding custody of a child to the father. The trial court was held to have erred at the very outset of the hearing by stating that the burden was on the father. *Townsend*, 86 Ill. 2d at 514. The custody decision was reversed on the basis that the trial court incorrectly placed the burden on the child's father. *Townsend*, 86 Ill. 2d at 515-16. The court held that the burden of proof on the issue of custody was on third parties:

> "[A] third party seeking to obtain or *retain* custody of a child over the superior right of the natural parent must demonstrate good cause or reason to overcome the presumption that a parent has a superior right to custody and further must show that it is in the child's best interests that the third party be awarded the care, custody and control of the minor." (Emphasis added.) *Townsend*, 86 Ill. 2d at 510-11.

Although *Townsend* involved an initial custody determination, the court also stated in the above excerpt the burden of proof for cases where a third party seeks to retain custody. Subsequent cases from other districts have applied *Townsend* where parents sought a change of custody. *In re Estate of Wadman*, 110 Ill. App. 3d 302, 442 N.E.2d 333 (4th Dist. 1982); *In re Custody of Walters*, 174 Ill. App. 3d 949, 529 N.E.2d 308 (3d Dist. 1988).

In *Wadman*, 110 Ill. App. 3d 302, guardians were appointed for a child, and the natural mother successfully petitioned to terminate the guardianship. The court noted that the Probate Act set no standards for termination of guardianship and found that some showing of a change in circumstances was necessary to terminate a guardianship and that the *Townsend* guidelines applied. *Wadman*, 110 Ill. App. 3d at 305-06. In *Walters*, 174 Ill. App. 3d at 952-53, a mother sought the return of the custody of her child from a third party. The court stated that, even though *Townsend* did not involve a prior custody decree, the *Townsend* court's reasoning was no less persuasive. *Walters*, 174 Ill. App. 3d at 952.

We adopt *Wadman*'s analysis. Petitioner had to show some change in circumstances, or otherwise she could bring frequent petitions to terminate at any time, but first respondent had the burden of proof to overcome the superior-rights doctrine that a parent has a superior right to custody of her minor children. Further, respondent had to show that it was in the children's best interests that she retain the guardianship.

102

As the trial court's ruling that petitioner had the burden of proof was contrary to the *Townsend* holding, the trial court is ordered on remand to conduct a new hearing and to make clear the burden of proof at the outset of the hearing. The trial court is to determine whether it will consider at the new hearing only the evidence already received at the prior hearing or whether to receive new evidence.

The judgment of the trial court is reversed, and the cause is remanded for a new hearing.

Reversed and remanded.

TULLY, P.J., and GREIMAN, J., concur.